**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Milton Tucker, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV-03-1536-PHX RCB (JI) |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Ralph Kluff, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

The present matter arises out of a civil rights action filed in this Court pursuant to 42 U.S.C. § 1983 on August 11, 2003. Compl. (doc. # 1). Currently pending before the Court are Plaintiff's Motion for Change of Judge, Appointment of Attorney, and Reinstatement of Previous Case (doc. # 24), Defendants' Motion to Dismiss (doc. # 35), and Plaintiff's Motion for Time Extension (doc. # 42). Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

Plaintiff is a prisoner incarcerated at the Cheyenne Unit of the Arizona State Prison Complex in Yuma, Arizona. In a previous

lawsuit initiated in this Court on May 8, 2001, Plaintiff alleged, <u>inter alia</u>, that he was denied access to the courts. <u>Tucker v. Stewart</u>, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 1). That complaint was twice dismissed with leave to amend. <u>Id.</u> (doc. ## 9, 17). On January 9, 2003, Plaintiff's third amended complaint was dismissed without prejudice for, among other reasons, nonconformance with Federal Rule of Civil Procedure 8(a)(2). <u>Id.</u> (doc. # 21). Plaintiff appealed. <u>Id.</u> (doc. # 23). On August 27, 2003 the United States Court of Appeals for the Ninth Circuit issued a mandate affirming the dismissal. <u>Id.</u> (doc. # 25).

On August 11, 2003, Plaintiff filed the present complaint, later amended on July 12, 2004, claiming that Defendants violated his civil rights accorded to him under 42 U.S.C. § 1983. Compl. (doc. # 1); Am. Compl. (doc. # 11). In this action, Plaintiff asserts an access-to-court claim identical to, and based on the same underlying facts as, the access-to-court claim in <u>Tucker v. Stewart</u>. <u>Compare</u> Compl. (doc. # 1) at 6-6A <u>and</u> Am. Compl. (doc. # 11) at 5-5B <u>with</u> <u>Tucker v. Stewart</u>, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 20) at 4-4A. In addition, Plaintiff's present action raises a threat-to-safety claim based on an incident in which his hand was injured while working for Arizona Correctional Industries. Am. Compl. (doc. # 11) at 4.

On May 23, 2005, Plaintiff filed a Motion for Change of Judge, Appointment of Attorney, and Reinstatement of Previous Case. Mot. (doc. # 24). On December 9, 2005, Defendants filed a motion to dismiss arguing that both of Plaintiff's claims are barred by the statute of limitations. Mot. to Dismiss (doc. # 35) at 2-4. On February 27, 2006, Plaintiff filed a motion requesting

1  an extension of time to respond to Defendants' motion.  Mot. (doc.
2  # 42).

3  **II.  MOTION FOR CHANGE OF JUDGE**

4  Plaintiff claims that the undersigned is personally
5  biased against pro se prisoner litigants and must therefore
6  disqualify himself from hearing this case.  Mot. (doc. # 24)
7  at 6.  This argument is premised on the fact that this Court
8  has issued rulings adverse to Plaintiff in prior proceedings
9  in which he was a party.  Id. at 7; see, e.g., Tucker v.
10 Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. #
11 21) (dismissing action without prejudice).

12 A judge must disqualify himself if his impartiality might
13 reasonably be questioned, or if he has a personal bias or
14 prejudice for or against a party.  28 U.S.C. §§ 455(a),
15 455(b)(1).  The test for recusal is "whether a reasonable
16 person with knowledge of all the facts would conclude that
17 the judge's impartiality might reasonably be questioned."
18 United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000)
19 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th
20 Cir. 1997)).  To be disqualifying, the bias must stem from an
21 extrajudicial source.  In re Beverly Hills Bancorp, 752 F.2d
22 1334, 1341 (9th Cir. 1984).  Simply because a judge has made
23 adverse rulings against a party in prior proceedings is not a
24 sufficient ground to demonstrate bias or prejudice requiring
25 recusal under 28 U.S.C. § 455, unless the judge "(1) relied
26 upon knowledge acquired outside such proceedings or (2)
27 displayed deep-seated and unequivocal antagonism that would
28 render fair judgment impossible."  Liteky v. United States,

-3-

510 U.S. 540, 555-56 (1994); <u>see also</u> <u>Ex parte Am. Steel Barrel Co. & Seaman</u>, 230 U.S. 35, 44 (1913) ("[Disqualification] was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise . . . ."); <u>Lewis v. Tuscan Dairy Farms</u>, 25 F.3d 1138, 1141 (2d Cir. 1994) (finding that district judge's ruling against union president in prior proceeding did not require judge's recusal in later case involving union).

    In this case, Plaintiff's allegations of impartiality rest solely on the adverse decisions of this Court in Plaintiff's prior cases. Mot. (doc. # 24) at 6-7. Adverse decisions, alone, are insufficient to warrant recusal, because it is in the very nature of the adversarial system that a decision will be adverse to one of the parties involved. Moreover, Plaintiff has not presented any facts showing that this Court's decisions were tainted by any extrajudicial bias or that the undersigned has otherwise displayed a "deep-seated and unequivocal antagonism that would render fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555-56. As such, Plaintiff's request for change of judge must be denied. <u>See</u> <u>Tucker v. Kerner</u>, 186 F.2d 79, 85 (7th Cir. 1950) (stating that there is as much obligation upon a judge not to recuse himself when there is no occasion for doing so as there is a duty for him to do so when there is).

    Finally, Plaintiff attempts to create an appearance of bias by using his motion to air personal attacks against the Court as well as the panel of circuit judges who decided his

-4-

appeal in <u>Tucker v. Stewart</u>. Mot. (doc. # 24) at 7-8. By doing so, he purports to have rendered the undersigned incapable of presiding over all matters in which he appears as a party. <u>Id.</u> at 7. The test for recusal, however, is not tailored to a party's subjective views. Rather, the need for recusal is decided according to an objective test. <u>See</u> <u>Wilkerson</u>, 208 F.3d at 797. Because a reasonable person with knowledge of the facts would not find that Plaintiff's decision to vent his frustrations in his brief would in any way infect the impartiality of this Court, Plaintiff's request for change of judge must be denied.[1] <u>See</u> <u>id.</u>

**III. MOTION FOR APPOINTMENT OF ATTORNEY**

Plaintiff has asked for the appointment of counsel at government expense, essentially arguing that such an appointment is necessary in the interest of time and in light of the complexity of the legal issues that are expected to be involved in this case. Mot. (doc. # 24) at 8-10.

There is no constitutional right to appointment of counsel in a civil case. <u>See</u> <u>Ivey v. Bd. of Regents of Univ.</u>

---

[1] In a related vein, Plaintiff challenges the Court to find him in contempt for the inflammatory statements made in his motion, suggesting that a failure to do so would be tantamount to admitting to Plaintiff's accusations, thereby proving bias. Mot. (doc. # 24) at 7-8. This argument also fails because the contempt power is vested in the federal courts to be used at their discretion, not at the direction of litigants before them. <u>See</u> 18 U.S.C. § 401; <u>Green v United States</u>, 356 U.S. 165, 188 (1958). Although conduct similar to that of Plaintiff has been held to warrant contempt, <u>see</u> <u>Fleming v. United States</u>, 279 F. 613, 614-16 (9th Cir. 1922) (affirming district court's finding of contempt based on disrespectful and slanderous affidavit of judicial bias), the Court will exercise its discretion not to hold Plaintiff in contempt.

-5-

1 of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings
2 in forma pauperis, the district court "may request an
3 attorney to represent any person unable to afford counsel."
4 28 U.S.C. § 1915(e)(1); Agyeman v. Corrs. Corp. of Am., 390
5 F.3d 1101, 1103 (9th Cir. 2004).  "The decision to appoint
6 such counsel is within 'the sound discretion of the trial
7 court and is granted only in exceptional circumstances.'"
8 Agyeman, 390 F.3d at 1103 (quoting Franklin v. Murphy, 745
9 F.2d 1221, 1236 (9th Cir. 1984)).  In determining whether
10 there are exceptional circumstances warranting such
11 assistance, the court must evaluate "'the [plaintiff's]
12 likelihood of success on the merits as well as the ability of
13 the [plaintiff] to articulate his claims pro se in light of
14 the complexity of the legal issues involved.'"  Wilborn v.
15 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting
16 Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)); see
17 also Agyeman, 390 F.3d at 1103-04 (counsel required in a case
18 of "triple complexity" involving novel issues concerning
19 jurisdiction, standing, and the rights of persons in
20 noncriminal custody).  These factors are not dispositive and
21 must be viewed together in considering whether the
22 circumstances require designation of counsel.  Wilborn, 789
23 F.2d at 1331.
24     In this case, Plaintiff states that "[t]he first and
25 foremost reason" for his request for counsel "is [that] the
26 courts will not acknowledge pro se prisoner litigants."  Mot.
27 (doc. # 24) at 8.  By way of example, Plaintiff maintains
28 that this Court's dismissal of his claims in a previous case,

-6-

1 Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001),
2 necessitates the appointment of counsel in the current case.
3 Mot. (doc. # 24) at 8.  However, the fact that his previous
4 case was dismissed without prejudice says nothing about the
5 complexity of issues involved in the current case or his
6 likelihood of success on the merits.  Therefore, under the
7 law of the United States Court of Appeals for the Ninth
8 Circuit, this cannot be a basis for appointment of counsel.
9     Plaintiff maintains that appointed counsel is also
10 necessary in light of his lack of access to proper legal
11 resources as well as his indigent and incarcerated status,
12 which makes it difficult for him to investigate the case and
13 obtain favorable evidence.  Mot. (doc. # 24) at 9-10.  With
14 respect to accessing legal sources, the United States Supreme
15 Court has stated that the constitutional right of access to
16 the courts does not so much require "the capability of
17 turning pages in a law library" as it does "the capability of
18 bringing contemplated challenges to sentences or conditions
19 of confinement before the courts."[2]  Lewis v. Casey, 518 U.S.
20 343, 356-57 (1996).  Similarly, with respect to the ability

---

[2] Plaintiff contends that his lack of access to a legal library has prevented him from citing case law and thereby placed him at a disadvantage in this litigation.  Mot. (doc. # 24) at 10.  Because pro se pleadings are liberally construed, particularly in civil rights cases, it is generally unnecessary for a pro se plaintiff to cite case law.  See  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  Rather, it is sufficient for the plaintiff to provide factual allegations showing that he suffered a specific injury as a result of the specific conduct of a defendant, and to demonstrate an affirmative link between the injury and that conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

to investigate the case, the right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. See id. at 354-55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).

Finally, anticipating a statute of limitations defense, Plaintiff argues that the Court must appoint counsel to help his complaint survive dismissal. Mot. (doc. # 24) at 8-9. The statute of limitations and any grounds for equitable tolling of the limitations period involve straightforward questions that are resolved on the factual allegations of the complaint. See Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)) (finding that a § 1983 claim should be dismissed on statute of limitations grounds pursuant to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."). At this stage in the proceedings, it is manifestly unlikely that the appointment of counsel will sharpen the presentation of surrounding facts on which the Court will depend for illumination of any statute of limitations issue. As such, the Court does not find the statute of limitations to present a legal issue of such complexity requiring appointment of counsel. See Agyeman, 390 F.3d at 1103-04.

In sum, the Court does not find that the present facts establish "exceptional circumstances" that would warrant the appointment of an attorney under 28 U.S.C. § 1915(e)(1) and

1 the law of the United States Court of Appeals for the Ninth
2 Circuit. In particular, there is no indication as to the
3 likelihood of Plaintiff's success on the merits or that the
4 legal issues involved are so complex as to require appointed
5 counsel. Accordingly, Plaintiff's request for appointment of
6 an attorney will be denied without prejudice at this time.

**IV.   MOTION FOR REINSTATEMENT OF PREVIOUS CASE**

Plaintiff has requested reinstatement of his previous case, Tucker v. Stewart, on the basis that his access-to-court claim articulated in Count II of his current complaint is identical to, and based on the same underlying facts as, the same claim expressed in Count I of Tucker v. Stewart. See Mot. (doc. # 24) at 10-12. Plaintiff essentially argues that he filed his previous action within the limitations period, pursued it as vigorously and diligently as possible within his abilities as a pro se litigant, and that he would be substantially prejudiced if the statute of limitations were applied to bar the identical claim raised in the current action. See id. In light of these arguments, Plaintiff's request for reinstatement of his previous case is construed as a request for relief under section 12-504 of the Arizona Revised Statutes.[3]

---

[3] Arizona law applies to the statute of limitations issues in this civil rights action because Congress has not specified a federal statute of limitations for claims brought under 42 U.S.C. § 1983. As such, federal courts presiding over § 1983 cases borrow the limitations period and tolling rules applicable to personal injury torts in the forum state. Hardin v. Straub, 490 U.S. 536, 539 (1989) (state tolling rules); Wilson v. Garcia, 471 U.S. 261, 279-80 (1985) (state statute of limitations); TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999) (applying Arizona's two-year statute of

Arizona courts recognize equitable exceptions to the application of the statute of limitations when necessary to prevent injustice. Nolde v. Frankie, 192 Ariz. 276, 964 P.2d 477, 480 (1998). Advancing a similar policy, the Arizona legislature enacted a savings statute in 1986 to allow certain actions, though previously dismissed, to be "saved" from the statute of limitations when they are refiled within a limited period of time after their dismissal. That statute provides as follows:

> If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

Ariz. Rev. Stat. § 12-504(A) (West 2003). Relief under the statute is automatic when the first action is terminated for reasons other than "abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits," and the second action is filed within the six-month window. Jepson v. New, 164 Ariz. 265, 792 P.2d 728, 734 (1990). The six-month period in which an action may be refiled begins upon the action's "termination," which in cases of appeal, occurs upon the issuance of the mandate by the appellate court. Ariz. Rev. Stat. § 12-504(B) (West 2003); Roller Vill., Inc. v. Superior Court, 154 Ariz. 195, 741 P.2d 328, 330 (Ct. App. 1987).

In this instance, Plaintiff's § 1983 access-to-court claim

---

limitations for personal injury torts in § 1983 civil rights claim).

- 10 -

accrued at the earliest on May 9, 2000.[4]  Am. Compl. (doc. # 11) at 5; Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 20) at 4.  Plaintiff's original complaint was filed on May 8, 2001, well within the two-year limitations period applicable to § 1983 claims in Arizona.  TwoRivers, 174 F.3d at 991-92 (9th Cir. 1999); Ariz. Rev. Stat. § 12-542(1) (West 2003).

Plaintiff's action in Tucker v. Stewart was dismissed without prejudice on January 9, 2003 for reasons other than "abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits."  Ariz. Rev. Stat. § 12-504(A) (West 2003); Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 21).  The mandate of the United States Court of Appeals for the Ninth Circuit affirming that dismissal was issued on August 27, 2003.  Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 25).  Thus, Plaintiff could refile his new action up to six months after the mandate-- on or before February 27, 2004-- and fall within the purview of the savings statute.  Ariz. Rev. Stat. § 12-504(B) (West 2003).

Plaintiff filed the complaint in the present action on August

---

[4]  Although state law determines the statute of limitations for § 1983 civil rights claims, federal law determines when the cause of action accrues.  TwoRivers, 174 F.3d at 991.  Under federal law, a civil rights cause of action accrues when the plaintiff has reason to know of the injury.  See id. at 992-93; see also Vaughan v. Grijalva, 927 F.2d 476, 480 (9th Cir. 1991) (holding that federal law determines when a cause of action under § 1983 accrues and the statute of limitations begins to run).  In the present case, Plaintiff could not have known of the injury underlying his access-to-court claim any earlier than May 9, 2000, the date on which Defendant librarian refused to provide him the address of a state court in which he intended to file a complaint.  See Am. Compl. (doc. # 11) at 5; Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 20) at 4.

11, 2003, well before the expiry of the six-month window of the savings statute. Compl. (doc. # 1). Plaintiff's access-to-court claim in the current complaint is identical to, and based on the same underlying facts as, the same claim dismissed in Tucker v. Stewart. Compare Compl. (doc. # 1) at 6-6A and Am. Compl. (doc. # 11) at 5-5B with Tucker v. Stewart, No. CV-01-811-PHX-RCB-JRI (D. Ariz. 2001) (doc. # 20) at 4-4A.

The Court finds that, under these circumstances, Plaintiff is entitled to automatic relief pursuant to the savings statute. See Ariz. Rev. Stat. § 12-504(A); Jepson, 792 P.2d at 734. This result is consistent with the Court's "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Therefore, under section 12-504, Plaintiff may maintain the access-to-court claim set out in Count II of the amended complaint (doc. # 11) notwithstanding the possible lapse of the two-year limitations period.[5]

---

[5] In his request for reinstatement of his access-to-court claim, Plaintiff has also demanded that the Court reimburse the filing fees incurred in connection with his appeal in Tucker v. Stewart. Mot. (doc. # 24) at 11. As there is no basis in the law for such relief, that request is denied.

Plaintiff has also requested an order clarifying that, for purposes of 28 U.S.C. § 1915(g), Tucker v. Stewart was not "dismissed on grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." Id. at 12; 28 U.S.C. § 1915(g). Although that question may arise if Plaintiff were to file another civil case in the future seeking to proceed in forma pauperis, that possibility is too remote and speculative at this time for the Court to issue such a ruling at this time. Therefore, the Court finds that the question, which is primarily one of statutory construction, is not ripe for resolution on the present motion. See Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967).

**V.   DEFENDANT'S MOTION TO DISMISS**

In view of the Arizona savings statute's application to this case, it appears to the Court that Defendants' motion to dismiss (doc. # 35), which is based solely on the statute of limitations, is now ready for the Court's consideration. Therefore, the reference of this case to the magistrate judge is withdrawn as to that motion (doc. # 35) as well as Plaintiff's related motion (doc. # 42) seeking an extension of time within which to respond.

Although Plaintiff's access-to-court claim is saved by section 12-504, the question remains whether Plaintiff's threat-to-safety claim is barred by the two-year statute of limitations. See Mot. to Dismiss (doc. # 35) at 2-3. The latter question has not been fully briefed and would have to be retained under advisement pending Plaintiff's response. It is apparent from this result that the application of the Arizona savings statute has substantially altered Defendants' motion. Rather than ruling piecemeal on the motion to dismiss (doc. # 35), the Court finds that justice is best served by denying Defendants' motion (doc. # 35) without prejudice. Plaintiff's related motion for extension of time to respond (doc. # 42) is denied and dismissed as moot.

In light of the foregoing analysis,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Change of Judge (doc. # 24) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Attorney (doc. # 24) is DENIED without prejudice.

1   IT IS FURTHER ORDERED that Plaintiff's Motion for
2 Reinstatement of Previous Case (doc. # 24) is construed as a
3 request for relief pursuant to Ariz. Rev. Stat. § 12-504 and,
4 so construed, is GRANTED.  Pursuant to Ariz. Rev. Stat. § 12-
5 504, Plaintiff may maintain the access-to-court claim set out
6 in Count II of the amended complaint (doc. # 11)
7 notwithstanding the possible lapse of the limitations period
8 applicable to that claim.
9   IT IS FURTHER ORDERED that the reference of this case to the
10 magistrate judge is withdrawn as to Defendants' Motion to Dismiss
11 (doc. # 35) and Plaintiff's Motion for Time Extension (doc. # 42).
12   IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (doc.
13 # 35) is DENIED without prejudice.
14   IT IS FURTHER ORDERED that Plaintiff's Motion for Time
15 Extension (doc. # 42) is DENIED and dismissed as moot.
16   DATED this 28th day of March, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Plaintiff pro se.