**WO** BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Lee Tucker,<br><br>    Plaintiff,<br><br>vs.<br><br>Ralph Kluff, et al.,<br><br>    Defendants. | No. CV 03-1536-PHX-RCB (JRI)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**and**<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff filed an Amended 42 U.S.C. § 1983 Complaint, alleging that his constitutional rights were violated when (1) Defendants Ralph Kluff, ACI Manager, and Ken Willy, ACI Supervisor, allowed Plaintiff to operate an unsafe power tool during a training session on May 12, 1999; and (2) Defendants Librarian Jones and Correctional Officer Crouch denied him access to the courts because Defendant Jones would not provide him the address of the court and Defendant Crouch failed to determine the status of his case (Doc. #11). Currently pending is Defendants' Motion to Dismiss (Doc. #50).

**I. Defendants Willy and Jones**

In a footnote, Defendants indicate that Willy and Jones have not been served and should be dismissed (Doc. #50). "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m). On July 12, 2004, Plaintiff filed his Amended Complaint naming Willy and Jones as Defendants (Doc. #11). Neither Defendant has been

**JDDL**

served. However, because Plaintiff is entitled to notice prior to the dismissal of his action as to the unserved Defendants, Plaintiff will be provided 30 days from the date of this order to either serve Defendants Willy or Jones or show good cause why this action should not be dismissed as to either Defendant.

The Court, upon a showing of good cause, may extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m). It should be noted that this Court is not inclined to grant additional time in which to serve Defendants. First, this case has been pending for more than three years, far beyond any "appropriate period" this Court would be inclined to extend to Plaintiff for service. Second, to date, Plaintiff has not shown good cause for the failure to serve Defendants. "So long as the prisoner has furnished the information necessary to identify the defendant, the [M]arshal's failure to effect service 'is automatically good cause within the meaning of Fed.R.Civ.P. 4(m).'" Moore v. Jackson, 123 F.3d 10082, 1085-86 (8th Cir. 1997); see also Antonelli v. Sheahan, 81 F.3d 1422, 1426 (7th Cir. 1996). ADOC has provided the Marshal Service with updated addresses for Defendants Willy and Jones (Doc. #21). The Marshal Service attempted to serve these Defendants at those addresses, and even went to Defendant Jones' last place of employment (Docs. ##22, 26). Despite repeated attempts, the Marshal Service were unable to serve Defendants Willy and Jones (Id.). Based on the record, the Marshal Service's failure has not resulted in the lack of service. The failure to serve Defendants is the result of Plaintiff being unable to provide sufficient information regarding Defendants' whereabouts. Moreover, this Court has already indicated that it will not require Defendants Kluff and Crouch to do the research for Plaintiff (Doc. #44). Although it might seem unfair due to Plaintiff's incarceration, this Court is loath to place such a burden on those who are either not parties to the instant action or not privy to information, particularly when a non-party has already attempted to provide this Court with such information.

**II. Motion to Dismiss**

Defendants Kluff[1] and Crouch filed a Motion to Dismiss arguing, *inter alia*, that (1) Plaintiff failed to exhaust his administrative remedies as to Count II, and (2) Plaintiff's claims are barred by the relevant statute of limitations (Doc. #50). Plaintiff responded that he does not have access to legal materials, the instant motion is intended to harass him, the Court already rejected Defendants' statute of limitations argument, and he did not file a grievance because the administration refuses to process expired grievances, "so there was no point in continuing" (Doc. #56). Plaintiff further argues that the courts have made a mess of his case and as a result, illegally and unconstitutionally made it impractical to pursue his grievance (Id.). Plaintiff offered to exhaust his remedies, however, if this Court would issue an order showing that the administrative remedies were not "useless" (Id.).

**A. Count I - Statute of Limitations**

Defendants argue that Count I is time-barred (Doc. #50). Plaintiff insists that he has aggressively pursued his action as evidenced by his filings in the state courts, but does not have access to legal materials, resulting in a fundamentally unfair proceeding (Doc. #45). Plaintiff believes that the instant action is not barred by the statute of limitations (Id.).

"Section 1983 does not contain its own statute of limitations." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1998). Therefore, the Court borrows Arizona's statute of limitations, which is two-years. Id.

Plaintiff was injured on May 12, 1999, and filed the instant action on August 7, 2003, more than four years later (Docs. ##1, 11). Accordingly, unless the limitations period is tolled, Plaintiff's action is barred by the requisite limitations period. This Court also borrows Arizona's tolling rules. TwoRivers, 174 F.3d at 992. "If an action is commenced within the time limit for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff . . . may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination." Ariz. Stat. § 12-504.

---

[1] The proper spelling of Defendant Kluff's name is Cluff.

1 Plaintiff alleged that he filed a complaint in the Pinal County Court in July 2000 2 which was within the two-year limitations period (Doc. #45). Plaintiff alleged that the 3 Arizona Supreme Court dismissed his appeal on August 22, 2002 (Id.). Plaintiff had six 4 months pursuant to § 12-504 to file the instant action. However, Plaintiff did not file the 5 instant action until almost a year later in August 2003 (Doc. #1). Consequently, Plaintiff's 6 action is not timely under Arizona's "savings statute."

7 Finally, Plaintiff claims that because this Court previously denied a Motion to Dismiss 8 due to the statute of limitations, Defendants may not again seek such relief (Docs. ##44, 56). 9 However, the Court denied the prior motion because the issue had not been fully briefed; the 10 merits were not addressed. Defendants are not barred from reasserting this defense. Thus, 11 Defendants' Motion to Dismiss as to Count I will be granted.

**B. Count II - Failure to Exhaust**

13 Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may 14 not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all 15 available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 16 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through 17 administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in 18 all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be 19 "properly exhausted," the prisoner "must complete the administrative review process in 20 accordance with the applicable rules, including deadlines, as a precondition to bringing suit 21 in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

22 Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt 23 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter 24 of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may 25 look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has 26 broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l 27 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper

1 remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
2 without prejudice." Wyatt, 315 F.3d at 1120.

3     An inmate may use the prison grievance system for issues relating to "[p]roperty,
4 staff, visitation, mail, food services, institutional procedures, Department Written
5 Instructions, program access, medical care, religion, and conditions of confinement." To file
6 an inmate grievance, the inmate must first submit a complaint to their assigned Correctional
7 Officer III. If the complaint is not resolved at this level, the inmate may submit a formal
8 Inmate Grievance to the Institution/Unit Grievance Coordinator. The inmate may appeal the
9 Grievance Coordinator's decision to the Warden or Deputy Warden, and then to the Director.
10 The Director's response is final (Doc. #50, ex. A, attachment 1).

11     Defendant Crouch and Aurora Aguilar, a Hearing Officer, attested that Plaintiff did
12 not grieve his complaint about Defendant Crouch's failure to determine the status of his case
13 (Doc. #50, exs. A, B). The record demonstrates that Plaintiff did file an inmate grievance
14 concerning a missed court deadline due to the inability to copy documents (Doc. #50, ex. C).
15 However, Plaintiff's grievance did not mention the actions of Defendant Crouch and the
16 grievance was resolved at the Correctional Officer level (Id.). Defendant Crouch has
17 demonstrated that Plaintiff failed to exhaust his administrative remedies as to Count II
18 because (1) Plaintiff's grievance did not refer to Defendant Crouch's failure to check on the
19 status of his case, and (2) Plaintiff not pursue his remedies through the entire administrative
20 process.

21     Plaintiff's contentions that filing grievances was useless, and that his failure to do so
22 was in response to the Court's action, is without merit. Plaintiff did not attempt to grieve the
23 claims in Count II, and cannot rely merely on his belief that such attempt would be useless
24 or futile. See Booth, 532 U.S. at 741 (providing that exhaustion is mandated "regardless of
25 the relief offered through administrative procedures"); see also Brown v. Valoff, 422 F.3d
26 926, 934-35 (9th Cir. 2005) (holding that a prisoner has exhausted his administrative
27 remedies if he has been "reliably informed" that there were no available remedies). Further,
28 Plaintiff is required to exhaust *prior* to bringing the instant action, and may not place the

blame for his failure to do so with the Court. See Vaden v. Summerhill, 449 F.3d 1047,1050 (9th Cir. 2006) (providing that a prisoner must exhaust available administrative remedies before bringing suit). Thus, his offer to grieve his claims while this action is pending is of no avail. Accordingly, Defendants' Motion to Dismiss is granted as to Count II.

**IT IS ORDERED:**

(1) Defendants Kluff and Crouch's Motion to Dismiss (Doc. #50) is **granted**. Defendants Kluff (Cluff) and Crouch are dismissed from this action.

(2) Within 30 days from the date of this Order Plaintiff must either serve Defendants Willy or Jones with his Amended Complaint or show good cause why Defendants Willy or Jones should not be dismissed without prejudice.

(3) If, within 30 days from the date of this Order, Plaintiff fails to serve Defendant Willy or Jones or show good cause why they should not be dismissed, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

Dated this 18th day of October, 2006.

_____
Robert C. Broomfield
Senior United States District Judge