**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Lee Tucker, ) | No. CV 03-1536-PHX-RCB (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Ralph Kluff, et al., ) | |
| Defendants. ) | |

Plaintiff Milton Tucker filed a Motion for Reconsideration challenging this Court's October 2006 Order granting Defendants Ralph Kluff and Crouch's Motion to Dismiss and ordering Plaintiff to show cause why Defendants Ken Willy and Jones should not be dismissed due to his failure to serve them (Doc. #64). Plaintiff argued that the dismissal order demonstrated that this Court was biased, and requests the case be assigned to a different judge (Id.). Motions for reconsideration should be granted only in rare circumstances. School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is appropriate when: "(1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened after the Court's decision; (3) There has been a change in the law that was decided or enacted after the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

First, this case will not be reassigned. Second, Plaintiff is not entitled to reconsideration. The Court correctly determined that Count I was time-barred, considering all relevant law regarding the limitations period. The Court also correctly determined that Plaintiff failed to exhaust his administrative remedies as to Count II.

Third, Plaintiff has failed to show cause why Willy and Jones have not been served. Plaintiff was provided sufficient assistance from the Arizona Department of Corrections and the Court in his attempt to serve Willy and Jones. The ultimate responsibility to serve a defendant lies with the plaintiff and Plaintiff exhibits no ability to serve either Willy or Jones even though this case has been pending for more than three years. The Court will not grant Plaintiff another extension. See Efaw v. Williams, 04-16920, manuscript op. at 620-22 (9th Cir. Jan. 16, 2007) (providing that the district court abused in extending Plaintiff's time to serve the defendant until more than seven years after the action had been filed).

Thus, Plaintiff's Motion for Reconsideration will be denied, Defendants Willy and Jones will be dismissed from this action, and Plaintiff's action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Reconsideration (Doc. #64) is **denied**.

(2) Defendants Willy and Jones are dismissed from this action.

(3) Plaintiff's action is **dismissed**. The Clerk of Court shall enter judgment accordingly.

Dated this 27th day of January, 2007.

_____
Robert C. Broomfield
Senior United States District Judge